CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 08 2012

JULIA ... CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| WILLIAM T. KEMPH, | ) | CASE NO. 7:12CV00430 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION |
| v. | ) | |
| | ) | |
| TOWN OF VINTON, ET AL., | ) | By: Glen E. Conrad |
| | ) | Chief United States District Judge |
| Defendant(s). | ) | |

William T. Kemph, a federal inmate proceeding pro se, filed this civil rights action against the Town of Vinton and W. F. Brown, a Vinton police officer, alleging wrongful confiscation of Kemph's pickup truck in December 1990.[1] Upon review of the pleading, the court finds that the action must be summarily dismissed because Kemph has no actionable claim under 42 U.S.C. § 1983 and states no other basis for federal jurisdiction over his claims.

I

Kemph alleges the following sequence of events on which he bases his claims. In December 1990, state authorities arrested Kemph on charges of possession of methamphetamine with intent to distribute. Three days later, Kemph posted bail and was released. Compl. 4. Kemph noticed that his truck, a 1989 F-350 Crew Cab, was missing. Kemph did not receive a

---

[1] Kemph stated in the complaint that his cause of action arose under 28 U.S.C. § 1331, and on this basis, the court docketed the complaint as one arising under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) (authorizing cause of action against federal officials for violations of constitutional rights). Kemph also states, however, that he brings his claims under 42 U.S.C. § 1983. Because the defendants named in this action are a Virginia town and a town police officer, who allegedly violated Kemph's constitutional rights, the court construes this action as arising under 42 U.S.C. § 1983 (authorizing a cause of action against officials acting under color of state law for deprivations of plaintiff's rights under the Constitution or laws of the United States). The court will direct the clerk to change the court's record accordingly. Kemph also cites 42 U.S.C. § 1981 (regarding equal rights under the law), but fails to demonstrate any respect in which the defendants deprived him of equal rights so as to state any claim actionable under this section.

property voucher or instructions on how to retrieve his truck and was not able to determine who had taken the vehicle. When Kemph asked Officer Brown what happened to his truck, Brown told him that "the FBI [Federal Bureau of Investigations]" had taken it. Brown asked FBI officials about his truck, but they would neither confirm nor deny that they had the truck. Brown verified that the local state court had no record of a civil forfeiture action involving his truck. The criminal proceedings against Kemph in the Roanoke County Circuit Court ended in a mistrial in August 1991. At the retrial on December 11, 1991, a jury found Kemph guilty as charged, and the court sentenced him to three years in prison.

After Kemph completed his Roanoke County sentence, he made further inquiries at the court, but was unable to determine what had happened to his truck. In April 2012, through communications with family and friends, Kemph "uncovered credible information that Vinton Police had loaned [Kemph's] truck out for use back in the early 1990's." Compl. 3. Kemph then wrote letters to the police department, seeking further information on the issue without success.

Now incarcerated in federal prison on unrelated charges, Kemph filed this § 1983 action in September 2012, alleging the following claims:

1. Officer Brown wrongfully deprived Kemph of his truck without following proper procedures and told Kemph lies to conceal the location of the truck to hamper Kemph's efforts to reclaim his property;

2. Officer Brown deprived Kemph of his property without due process;

3. The Town of Vinton failed to supervise Brown to ensure that he complied with Virginia law regarding seizure and civil forfeiture of property and was "passively negligent in uncovering nonvouchered property belonging to [Kemph] then in Mr. Brown's possession."

Compl. 3-5. Kemph asserts that the defendants' actions caused him loss of property and income, emotional distress, pain, and suffering. Kemph seeks compensatory and punitive damages.

## II

This court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). To state a claim in any federal civil action, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face," rather than merely "conceivable." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

A plaintiff stating a claim under § 1983 must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). "[W]here a loss of property is occasioned by a random, unauthorized act by a state employee, rather than by an established state procedure, the state cannot predict when the loss will occur"; therefore, "if a meaningful post-deprivation remedy for [such a] loss is available," the inmate has no constitutional due process claim, regardless of whether the employee's actions were intentional or the result of negligence. Hudson v. Palmer, 468 U.S. 517, 532-33 (1984). The Virginia Tort Claims Act and Virginia tort law provide adequate post-deprivation remedies for negligent or intentional "wrongful acts" committed by state employees. See Wadhams v. Procunier, 772 F.2d 75, 78 (4th Cir. 1985).

Kemph alleges that Brown's intentional or negligent actions in 1990 wrongfully deprived Kemph of the use and value of his pickup truck. Because Kemph had remedies under Virginia tort law by which to seek recovery of his property or its value, however, Kemph's allegations against Officer Brown regarding the pickup do not present any cognizable constitutional due

process claim. Hudson, 468 U.S. at 532-33. Therefore, Kemph has no actionable claim under § 1983 against Brown.

"Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690 (1978). A governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the alleged deprivation. Polk County v. Dodson, 454 U.S. 312, 326 (1981).

To hold the Town of Vinton liable under § 1983 under Monell for Brown's alleged conduct, Kemph must state facts demonstrating that Brown was executing a particular town policy or custom when he took actions in violation of plaintiff's constitutional rights. Because the court has already found that Brown's conduct did not deprive Kemph of any constitutionally protected right, however, Kemph has no constitutional claim against the town.

As Kemph fails to allege facts on which he can state any constitutional claim against the defendants, the court summarily dismisses Kemph's § 1983 claims without prejudice, pursuant to § 1915A(b)(1), as legally frivolous. Section 1983 was intended to protect only federal rights guaranteed by federal law and not to vindicate tort claims for which there are adequate remedies under state law. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Thus, any possible claims Kemph may have against the defendants under Virginia law are not independently actionable in this court under § 1983. Furthermore, because all federal claims in the action must be dismissed, the court declines to exercise supplemental jurisdiction over any such claims in this action. See 28 U.S.C. § 1367(c). Finally, Kemph does not allege facts indicating that this court

has jurisdiction under 28 U.S.C. § 1332 to adjudicate his state law claims. See § 1332(a) (authorizing district court jurisdiction over claims where all parties have diverse citizenship and the amount in controversy exceeds $75,000). For lack of jurisdiction, the court summarily dismisses Kemph's possible claims under state law without prejudice. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 8th day of November, 2012.

/s/ Glen Conrad
Chief United States District Judge